UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS OLEESKY, | ) | 2:10-cv-00445-HDM-PAL |
| | ) | |
| Plaintiff, | ) | ORDER |
| vs. | ) | |
| | ) | |
| VENTA FINANCIAL GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On September 2, 2010, the court granted defendant's unopposed motion to amend its counterclaims. On September 17, 2010, the defendant filed its second amended answer and counterclaims. On September 27, 2010, the plaintiff moved to strike the counterclaims (#29) on the grounds that they are not identical to those in the proposed amended pleading attached to defendant's motion to amend. Defendant has opposed plaintiff's motion (#30), and plaintiff has replied (#31).

Once a responsive pleading has been served, a party may amend its pleading only with leave of court or consent from the other party. Fed. R. Civ. P. 15(a). A party moving to amend must attach a copy of the proposed amended pleading to its motion. Local Rule

1

15-1(a).  If leave to amend is granted, the moving party must "file and serve the amended pleading."  *Id.* at 15-1(b).  The failure to attach a proposed amended pleading has been the basis for denying a motion to amend.  *See Trustees of the Teamsters Local 631 Sec. Fund for S. Nev. v. Structure Exhibit & Event Mgm't*, 2010 WL 2953625, at *7 (D. Nev. July 26, 2010).

Leave to amend a pleading does not give a party permission "to file any old amended [pleading] that it wishe[s] to file." *Dover Steel Co., Inc. v. Hartford Accident & Indem. Co.*, 151 F.R.D. 570, 575 (E.D. Pa. 1993).  Accordingly, courts have stricken an amended pleading that differs from the pleading that was proposed.  *See Bogdan v. Housing Auth. of the City of Winston-Salem*, 2006 WL 3848693, at *2-3 (M.D.N.C. 2006) (unpublished disposition).

Therefore, the court will grant in part and deny in part plaintiff's motion to strike (#29).  The motion is granted insofar as it asks the court to strike those allegations of the amended pleading that differ from the proposed amended pleading. Accordingly, the following allegations contained in defendant's second amended answer and counterclaim are hereby STRICKEN:

1. Counter-Defendant owed a duty of accounting to Counter-Claimant (Fourth Claim for Relief ¶5);
2. Counter-Defendant owed a duty of disclosure to Counter-Claimant (Fourth Claim for Relief ¶6);
3. Counter-Defendant owed a duty of reasonable care and skill to Counter-Claimant (Fourth Claim for Relief ¶7);
4. Counter-Defendant owed a duty to monitor the close of escrow dates on transactions he allegedly worked on (Fourth Claim for Relief ¶8);
5. Counter-Defendant failed to read the purchase agreements (Fourth Claim for Relief ¶12);
6. Counter-Defendant failed to monitor the close of escrow dates (Fourth Claim for Relief ¶13); and
7. Counter-Defendant remained silent after the underlying loan transactions closed and secreted himself from the commission process (Fourth Claim for Relief ¶15).

The motion is denied in all other respects.

**IT IS SO ORDERED.**

DATED: This 18th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

3